[No. 1109.  Decided February 20, 1894.]

JOHN W. BARNETT, *Respondent*, v. J. V. O'LOUGHLIN et al., *Appellants*.

ATTACHMENT — WRONGFUL LEVY — ACTION BY SHERIFF ON INDEMNITY BOND.

Where the sheriff has levied upon certain property as the goods of the defendant in an attachment proceeding, and, acting under an indemnity bond and by the direction of the plaintiff, has held possession of the property against the rightful claim of a third party, and has been compelled to satisfy a judgment against himself obtained by said third party by reason of such wrongful levy, the title to such property passes to the sheriff in trust for the attachment plaintiff; and the disposal of such property by the sheriff at private sale by the direction of the attachment plaintiff, does not amount to a trespass, nor prejudice his right of recovery upon the indemnity bond.

The necessary expenses incurred by the sheriff in taking care of attached property by direction of the plaintiff, pending litigation as to its actual ownership, form a proper charge against plaintiff, and may be retained from the proceeds derived from the sale of the property.

*Appeal from Superior Court, Lewis County.*

*Swasey & Lemley,* for appellants.

*Reynolds & Stewart,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was commenced by the respondent against the defendants to recover on an indemnity bond given by them to him as sheriff, to indemnify him from loss by reason of the levy of a writ of attachment issued in the suit of O'Loughlin against one Hunt, and levied on certain personal property which was claimed by one Dixon, After said seizure Dixon demanded said property of the sheriff, and O'Loughlin refused to allow the surrender of it, whereupon Dixon brought suit against the sheriff to recover its value. After this suit was commenced, O'Loughlin, as principal, with the other defendants as sureties, executed the indemnity bond to the sheriff. Such proceedings were had in the suit brought by Dixon against the sheriff that a judgment was rendered in his favor against said sheriff, amounting to nearly $2,000. O'Loughlin and the sureties in said indemnity bond having failed to satisfy the judgment so recovered against the sheriff, he brought this action on the bond. O'Loughlin recovered judgment in his suit against Hunt, and execution was issued thereon, and the property attached was sold, excepting that which was claimed by Dixon. The sheriff was directed not to sell that property in consequence of the litigation, as it was uncertain and undetermined at that time whether the property belonged to Hunt or to Dixon. After Dixon recovered judgment against the sheriff said sheriff sold the property which he had seized as aforesaid, and which was in controversy in the suit with Dixon, at private sale, for the sum of. $619.50. The sheriff recovered judgment upon said indemnity bond, and an appeal was taken by the defendants.

Appellants contend that the sheriff had no right or authority to sell said property at private sale; that in doing so he committed a trespass, and that it was immaterial whether he was directed or authorized to make such sale by the defendants; and this is practically the only point presented upon the appeal.

Certain authorities are cited by appellants to the effect that a sheriff will not be protected in a willful violation of the law, although directed by other parties to do the act, and that he cannot recover in such case upon an indemnity bond given to protect him therein. But these authorities have no application to the facts of this case. If, as contended by respondent, he was authorized to sell this property at private sale by O'Loughlin, and there was testimony to show that he was so authorized, he unquestionably had a right to make such sale. Upon the satisfaction of the judgment obtained by Dixon against the sheriff the title to said property passed from Dixon to the sheriff; although, under the circumstances, having seized it upon a writ of attachment issued in favor of O'Loughlin, it passed to him in trust for O'Loughlin. Consequently, it could then be no trespass against Dixon to sell the property in any way that the party saw fit to sell it. It could be no trespass against Hunt, the execution defendant in the original suit, for it was found not to have been his property, and he could make no claim to have it sold on the execution issued in that suit.

Complaint is made as to the expenses incurred by the sheriff in taking care of said property pending the litigation with Dixon. It was shown that the property consisted principally of Judson and giant powder, which had to be kept in an isolated place, and that it was necessary to have some one to look after it. There was also testimony to show that a keeper was employed to take charge of the property by direction of, and with the consent of, O'Loughlin,

and that the sheriff acted under direct authority from him in making the seizure and retaining the property, and in contesting the title with Dixon, and in selling it as he did; and the jury found in favor of the plaintiff on the issues made.

No error having been shown, the judgment rendered is affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.