[No. 1658. Decided April 12, 1895.]

M. BROTTON, *Respondent*, v. FRANK LUNKLEY, *Defendant*,
A. F. HOSKA, *Appellant*.

INDEMNITY BOND TO CONSTABLE — ACTION ON — LIABILITY ON BOND —
DIRECTED VERDICT.

The repeal of §§ 1737 and 1738, Code 1881, by Laws 1885-86, p. 46,
§ 38, did not work a repeal of § 1807, Code 1881, which gave a con-
stable who had levied upon property a right to demand an indem-
nity bond, when the property was claimed by third persons.

Upon a bond given to indemnify a constable against the claim of a
third person to property upon which he had made a levy, the obli-
gors therein are liable to the constable for his costs and attorney fees
incurred in consequence of a suit against him by such claimant for
the recovery of the value of the property.

The fact that a portion of the proceeds of an execution sale ac-
crued to the benefit of other judgment creditors than the one giving
an indemnity bond to the officer, does not affect the liability of the
one executing the bond.

In an action upon an indemnity bond, in which the execution of
the bond was admitted, and the other facts necessary to plaintiff's
cause of action had been proved, while there was no countervailing
testimony on the part of the defendant, it is not error for the court
to direct a verdict in favor of plaintiff and charge them to determine
the amount of his damages.

*Appeal from Superior Court, Pierce County.*

*H. W. Lueders*, for appellant.

*Taylor & McKay*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The defendant, Frank Lunkley, recov-
ered a judgment against one Peter Westlin, in a justice
court in Pierce county, on which an execution was
issued and placed in the hands of M. Brotton, who was
then constable, for service.  In pursuance of the writ,
Brotton levied upon and took into his possession, as

the property of the execution defendant, a certain lot of liquors and other personal property then in the Exchange Hotel in the city of Tacoma. The property so levied on was claimed by one Charles Langert, who demanded the possession thereof from the constable. The latter thereupon refused to longer keep the property unless the execution plaintiff would indemnify him against said claim, which he agreed to do, and accordingly, with defendant Hoska as surety, executed a bond of indemnity which reads as follows:

"Whereas, Charles Langert, of Tacoma, claims to be the owner of and have the right to possession of certain personal property, to wit: A certain lot of liquors, fixtures and personal property, in that certain Exchange Hotel, No. 1156, Railroad street, Tacoma, as shown by inventory, now in possession of said M. Brotton, which was taken by M. Brotton, constable in Tacoma, Pierce county, upon an execution by Charles N. Senter, justice of the peace, in and for the county of Pierce, upon a judgment obtained by Frank Lunkley, plaintiff, against Peter Westlin, defendant; now, therefore, we, Frank Lunkley, plaintiff, and A. F. Hoska, acknowledge ourselves bound unto the said M. Brotton, constable, in the sum of five hundred dollars, to indemnify the said M. Brotton, constable, against such claim."

The constable then proceeded to sell the property under the execution and thereafter Langert sued him for damages on account thereof. After an extended litigation, both in the district and supreme court, the constable was finally successful and recovered a judgment aginst Langert for his costs. He then demanded payment of the expenses of the litigation, including attorney's fees, from Lunkley, which was refused; whereupon he instituted this action to recover the same.

A demurrer was interposed to the complaint and

sustained; after which an amended complaint was filed which was also demurred to, but the demurrer was overruled. A motion to strike out parts of the complaint and to make it more definite and certain was filed and denied, and defendant Hoska then answered, admitting the execution of the bond, but denying all other allegations of the complaint. A trial was had resulting in a judgment for plaintiff, from which defendant Hoska appealed.

The appellant contends that the court erred in overruling the demurrer, for the reason that the amended complaint stated no facts sufficient to constitute a cause of action. This position is based upon the propositions: (1) That there was no law authorizing the respondent to demand a bond, and that the bond given imported no liability, and was without consideration and void; and (2) That even if the undertaking was a simple contract of indemnity, still the liability thereunder was fixed by its terms, and there was no breach of any of its covenants or conditions alleged in the complaint which would warrant a recovery by the respondent.

As to the first proposition, that there was no law authorizing the constable to require a bond in this case, it is urged that § 1807 of the Code of Washington (1881), pursuant to which the bond was demanded, was so dependent on §§ 1737 and 1738 for its enforcement, that the repeal of these sections by a subsequent act of the legislature (Laws 1885-6, p. 46, § 38), operated to repeal it also by implication. But the objection to this position is that § 1807 does not purport to prescribe the method of procedure for a recovery on the bond; it simply designates how a claimant may proceed upon affidavit to try title to property levied on at the suit of another person. Nor is he confined to the

procedure therein prescribed, for the following section explicitly provides that "nothing contained in the last section shall be so construed as to prevent the claimant of property levied on by execution from resorting to any legal remedy he may choose to pursue, instead of proceeding in the manner therein prescribed." We do not think that the repealing statute either destroyed or affected the right of the officer to demand a bond.

And the next question is, was the constable entitled, by the terms of the bond, to recover the expenses incurred by him in resisting Langert's claim to the property levied upon? The agreement of the obligors in the bond was to "indemnify M. Brotton, constable, against such claim." Appellant takes the position that this means simply that they were to be liable only in case Langert made good his claim to the property, and that when it was determined that he had no lawful claim, the liability of appellant ended. Now, the proof shows that the respondent was put to great expense and trouble on account of the very claim mentioned in the bond. He was sued for selling the property. The obligors, or at least the principal one, knew it, and yet failed to furnish counsel for the defense. He was compelled to employ counsel himself, and to pay for his services; and we are unable to perceive why he should not recover the necessary and legitimate expenses incurred in that action. He was not personally interested in the property sold, and in all probability, would not have retained it in his possession or sold it, had the bond of indemnity not been given.

It is further insisted by appellant that some of the property claimed by Langert, and for the sale of which he claimed damages, was not sold under the Lunkley execution, and that the amount recovered, if any, in

this action " should be pro rated in proportion to the
amount sold under Lunkley's execution compared to
the whole amount sued for by Langert." But it ap-
pears from the record that the sale was made under
the execution issued on Lunkley's judgment, and that
being so, the fact that some other persons who did not
give indemnity bonds may have been benefited thereby
in no way affects the liability of those who executed
the bond. 2 Sutherland, Damages ( 2d ed.), § 762.
*Chamberlain v. Beller*, 18 N. Y. 115.

And, besides, the amount of property claimed by
Langert was not a material matter, as no judgment was
recovered against the respondent for the value of any
property, and he only seeks to recover the expenses of
the suit brought against him by Langert.

The court instructed the jury to render a verdict in
favor of the plaintiff, and directed them to find the
amount of his damages. This instruction is com-
plained of; but we think, under the circumstances, it
was right. As we have already said, the execution of
the bond was admitted and all other facts necessary to
sustain plaintiff's cause of action were proved, and
there was no countervailing testimony on the part of
the defendant. Under such a state of facts, the ques-
tion of the amount of damages was the only question
of fact for the jury to determine.

It is not necessary to allude to some other points
made in the brief of appellant further than to observe
that in our opinion they are not well taken.

The judgment is affirmed.

HOYT, C. J., and SCOTT, DUNBAR and GORDON, JJ.,
concur.