[No. 3691.  Decided October 10, 1901.]

E. F. CARPENTER, *as Sheriff, Respondent,* v. P. H. BARRY *et al., Appellants.*

APPEAL — REVIEW — INSUFFICIENCY OF RECORD.

In the absence of a statement of facts or bill of exceptions showing the circumstances under which a judgment was rendered, the supreme court will not review the action of the trial court in entering judgment in excess of the verdict of a jury.

SHERIFFS — SALE ON EXECUTION — INDEMNIFYING BONDS.

Bal. Code, § 516, which permits the sheriff to exact an indemnity bond as a condition precedent to the execution by him of civil process is not superseded by Bal. Code, §§ 5262-5266, which authorize the sheriff to proceed with the sale of property levied upon unless a claimant thereto shall make affidavit of ownership and give bond to make good his title, since the latter sections are not intended to prescribe the sheriff's duties, but merely to give the claimant of property levied upon an additional remedy for its recovery.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.  Affirmed.

*John C. Stallcup* and *J. W. A. Nichols,* for appellants.

*Reynolds & Stewart,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—On May 5, 1896, the respondent, as sheriff of Lewis county, levied upon two certain horses under an execution issued upon a judgment entered in

favor of the appellant Barry in an action in which Barry was plaintiff and one Chamberlain was defendant, as the property of Chamberlain. The next day one of the horses was claimed by one Tramm, and the other by one Gabel, who severally demanded possession thereof from the sheriff. On the 8th of May following, the appellant Barry, as principal, with the other appellants as sureties, executed a bond to the sheriff in the penal sum of $750, in which they bound themselves to protect him against "any harm, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, that may at any time arise, or which he may sustain, or be bound, adjudged, or liable to pay, for or by reason of the levying upon, or attachment, or making seizure and sale" of the personal property mentioned. The bond also contained the further stipulation: "We further promise and agree that in case suit is instituted to collect any sum or sums which we have bound ourselves to pay as above stated, that we will pay to the said E. F. Carpenter, sheriff, such additional sum as the court may adjudge reasonable as attorney's fees in said suit, before and at the entry of judgment." Shortly thereafter the claimants brought several actions against the sheriff to recover the value of the property claimed by them, respectively. The sheriff gave notice to the appellants of the commencement of the actions, stating at the same time that he would defend against them, would employ counsel for that purpose, and would look to the appellants to reimburse him for all expenses and damages he should be put to or should sustain by reason thereof. The appellants left the sheriff to defend the actions as best he could, which he did at his own expense, succeeding in defeating one of them, while the other went to judgment against him, which judgment he afterwards paid. This action is brought to recover the

costs and expenses the sheriff was put to in defending the actions, together with the amount paid by him in satisfaction of the judgment. The jury in the court below rendered a verdict in his favor for $168, on which the trial court, after overruling a motion for a new trial, rendered judgment for the amount thereof, together with the sum of $50 as attorney's fees.

The appellants assign as error the action of the court in rendering judgment in excess of the verdict. Inasmuch, however, as they have not brought up with their appeal either a statement of facts or bill of exceptions showing the circumstances under which the judgment was rendered, it is manifest that this question is not here for review. It is not error in every instance and under all circumstances for a court to enter a judgment in excess of a verdict; hence, before the appellate court can say it is error so to do in any particular case, sufficient facts must be shown to make it appear that the action of the court is unwarranted in that particular case. Error is never presumed. The record must show it affirmatively.

It is next contended that the complaint does not state facts sufficient to constitute a cause of action; that it appears from the facts recited therein that the bond sued upon is void, and cannot form the basis of a cause of action. This contention is based upon the statute relating to adverse claims to property levied upon or attached. Ballinger's Code, §§ 5262-5266. The learned counsel for the appellants claim that this statute makes it the duty of a sheriff, after having seized property under a writ of execution, to hold it and proceed with its sale against the claim of any person who does not make the affidavit and give the bond therein provided for; and they argue that in this case it was the duty of the sheriff to proceed with

the sale of the property without indemnity from the plaintiff in the writ, and, this being his duty, a bond given to indemnify him against losses in the performance of that duty is without consideration, and consequently unenforcible. Counsel have not overlooked § 516 of the Code, which permits the sheriff to exact an indemnity bond as a condition precedent to the execution by him of civil process, but say this section is superseded by the statute first cited. But we think counsel have mistaken the effect of the statute. It was not intended to prescribe the duties of the sheriff, nor does it purport to do so, further than it makes it his duty to turn over to a claimant property levied upon or attached by him when the claimant makes the affidavit and gives the bond therein prescribed. The sheriff cannot compel the claimant to make the affidavit or execute the bond prescribed by the statute, nor can he plead his failure so to do as a defense when sued by the claimant in trover or replevin for a wrongful levy. In other words, the statute was intended to give a claimant of property levied upon or attached an additional remedy for its recovery. It does not supersede the common law remedies. The claimant still has a choice of remedies; he may pursue the procedure pointed out by the statute, or he may maintain replevin to recover the property in specie, or trover for its conversion. In fact, the statutory remedy is seldom resorted to in practice. This being true, the statute in question cannot be said to supersede § 516; and, as under this section the sheriff may exact indemnity against losses as a condition precedent to the service of civil process, the bond given in this case is neither without consideration nor void. See *Barnett v. O'Loughlin,* 8 Wash. 260 (35 Pac. 1099); *Brotton v. Lunkley,* 11 Wash. 581 (40 Pac. 140).

The judgment is affirmed.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.