[No. 14703. Department Two. July 26, 1918.]

SIMON PIANO COMPANY, *Appellant*, v. H. B. FAIRFIELD, *Respondent*.[1]

NUISANCE—ABATEMENT—ACTION — PARTIES — TITLE UNDER CONDITIONAL SALES CONTRACT. The "red light" or abatement law, being penal in its nature, will not be construed to authorize the seizure and sale of personal property held under a conditional sales contract, in the absence of a showing that the owner was charged with knowledge of the use of its property and given an opportunity to be heard in defense of the use to which it was put; since Rem. Code, §§ 3670, 3671, relating to conditional sales are not impliedly repealed by that act.

JUDGMENT—PERSONS BOUND—PERSONS NOT BOUND—INVOLUNTARY APPEARANCE—ESTOPPEL. An appearance in response to a rule to show cause why a person should not be found guilty of contempt in taking possession of property seized under the abatement statute, and a return of the property, such party not having been served and having no notice of the restraining order, is not a voluntary submission to the decree in abatement, and does not estop the party from setting up want of jurisdiction.

CONTEMPT—JURISDICTION — JUDGMENT — COLLATERAL ATTACK. In contempt proceedings for interfering with property seized under the abatement statute, while lack of jurisdiction to enter the order of abatement may be raised collaterally, it will not be tried out as an abstract question; and the court having jurisdiction of the subject-matter, the order must be absolutely void to work a purging of the contempt; since mere irregular or improvident exercise of jurisdiction cannot avail one who laid claims to property in a collateral proceeding.

[1]Reported in 174 Pac. 457.

NUISANCE—ABATEMENT—SEIZURE OF PROPERTY—PARTIES — NOTICE. Where the vendor of property in a conditional sales contract was not made a party to abatement proceedings under the "red light" law, or given any notice of the proceedings, he is not bound by the decree and may recover the property, as if it were property sold *coram non judice.*

EXECUTION — WRONGFUL SEIZURE OF PROPERTY — RIGHTS OF THIRD PERSONS—CLAIM AND DELIVERY. The vendor of property in a conditional sales contract who was not made a party to abatement proceedings under the "red light" law may replevin the same without making claim to the sheriff as for property wrongfully levied upon under Rem. Code, § 573; since the same is not mandatory, and merely gives the claimant to property levied upon a choice of remedies.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered November 2, 1917, upon findings in favor of the defendant, in an action of replevin, tried to the court. Reversed.

*A. E. Gallagher,* for appellant.

*D. R. Glasgow,* for respondent.

CHADWICK, J.—Appellant brought this action to recover possession of a piano, alleged to be of the value of $260. The appellant sold the piano to one Bonnie Raymond on October 7, 1914, under a conditional sales contract. An action was begun in July, 1915, against Bonnie Raymond and the premises then occupied by her under the abatement law, ch. 127, Laws of 1913, p. 391 (Rem. Code, § 946-1 *et seq.*).

Appellant was not made a party to the action. The court found the place to be a nuisance, and directed that it be closed and that all personal property therein contained be seized and sold to satisfy the costs of the proceeding and a fine of $300, which had been assessed against the defendants. At the inception of the proceedings, the court issued a restraining order commanding and prohibiting all persons from in any way interfering with the property. Appellant did not know

of the restraining order until the 12th day of August, the day upon which a final decree was rendered. On August 11th, Bonnie Raymond being in default under her conditional sales contract, one Emil Simon, president of appellant company, took possession of the piano. On the next day, August 12th, the prosecuting attorney filed an information against Simon and caused him to be brought before the court to answer for contempt, it being charged that he had removed the piano in defiance of the order of the court. Simon defended upon the ground that the court had not obtained jurisdiction over the property of the appellant or of the appellant. The court having ruled to the contrary, Simon returned the piano to the sheriff, who afterwards sold it under the decree which had been previously rendered. At the sale, the piano was purchased by the defendant. An agent of appellant stood by and asserted its interest in the property. After a demand and refusal on the part of the respondent to deliver the property, this action was brought to recover possession, or in the event that possession could not be had, for the value of the piano.

While it may well be questioned whether the court can impound and sell property in an abatement proceeding, when it is held by a defendant under a conditional sales contract, we shall, for the purposes of this case, assume that it may be so; but so assuming, it does not follow that the court obtained jurisdiction of the person or the property of the appellant. The statute, Rem. Code, §§ 3670, 3671, are not impliedly repealed by the abatement law. The right of property under a conditional sales contract is as secure as it was before the passage of that law, and granting that property which offends may be seized and sold or destroyed, the court may not dispose of it or work its destruction without giving the owner his day in court.

We think our holding is well within the principle declared in *State ex rel. Kern v. Emerson*, 90 Wash. 565, 155 Pac. 579, L. R. A. 1916F 325; wherefore, in the absence of a showing that the appellant was charged with a knowledge of the use of its property and given an opportunity to be heard in defense of the use to which it was put—the abatement law being penal in its nature —we think it would be carrying the law beyond its legitimate inferences or its fair intentions to hold that an owner is bound by a proceeding to which it has not been made a party.

But it is urged that the appearance of Emil Simon in response to the rule to show cause why he should not be fined as for contempt was a sufficient appearance in the action, and that his return of the property was a voluntary submission to the decree of the court. The trial judge made written opinion, saying:

"The plaintiff now seeks to recover the piano or its value on the ground that the sale was void in that the court had no jurisdiction to order it. However, I think plaintiff is estopped by his conduct from setting up want of jurisdiction. It knew before sale that the court was undertaking to exercise jurisdiction over the piano. It acquiesced in the validity of the decree by returning the piano upon Mr. Simon being charged with contempt.

"In 16 Cyc., at page 795, it is said: 'Where a party with knowledge of the facts assents to or participates in judicial proceedings, without objection, he is bound by such proceedings as against one who has been misled by his conduct.' The following cases from our supreme court bear out this rule: *Daly v. Everett Pulp & Paper Co.*, 31 Wash. 252, 71 Pac. 1014; *Bank of California v. Puget Sound Loan, Trust & Banking Co.*, 20 Wash. 636, 56 Pac. 395; *Masterson v. Union Bank & Trust Co.*, 86 Wash. 560, 150 Pac. 1126; *Schroeder v. Hotel Commercial Co.*, 84 Wash. 685, 147 Pac. 417; *Douthitt v. MacCulsky*, 11 Wash. 601, 40 Pac. 186.

"The plaintiff having, through the actual knowledge

of its manager, notice that the court was assuming jurisdiction over the piano, was obliged to either establish its ownership by defending its right to it as a defense in the contempt proceeding, or else lay claim to it in the hands of the sheriff under § 573 *et seq.*, of R. & B. Codes & Statutes.

"Judgment for defendant."

But we think the burden put upon the appellant by the court is greater than the law demands. The appearance—granting that the appearance of the president of appellant would bind appellant—under the coersive process of the law was neither an assent to nor a participation in the main case. In all of the cases cited by respondent, the appearance was made before final decree and while the proceeding was still judicial in the sense that judgment or decree of the court was unpronounced and subject to further proceedings so that the right of the appearing party could have been granted or denied in the judgment or decree.

Nor should the appellant be held to the obligation "to either establish its ownership by defending its right to it [the piano] as a defense in the contempt proceeding, or else lay claim to it in the hands of the sheriff under § 573 *et seq.*, of R. & B. Codes & Statutes."

The question of ownership was not the issue, and before the court could hold the appellant to strict proof of ownership it must have reopened the principal case and invited an issue upon the civil side of the court. The offense charged was the violation of a solemn decree of the court. The only defense available to the defendant Simon was that the court did not have jurisdiction to render a valid decree. For it seems to be the rule that the question of the validity of an original order going to the jurisdiction of the court may be raised in a collateral proceeding for contempt. 6 R. C. L. 506; *State ex rel. Publishing Co. v. Milligan*, 3

Wash. 144, 28 Pac. 369; *State ex rel. Evans v. Winder,* 14 Wash. 114, 44 Pac. 125.

Upon the issue of jurisdiction, the court properly held against the agent Simon. When that question is raised collaterally, the court will not try out the issue as if it were raised directly. It will treat it as an abstract proposition rather than as a concrete question. The decree must be absolutely void to work in and of itself a purging of contempt. *State ex rel. Publishing Co. v. Milligan, State ex rel. Evans v. Winder, supra; Clark v. Burke,* 163 Ill. 334, 45 N. E. 235.

''The lack of jurisdiction must be such as is manifest in the inception of the proceeding, and not that which develops through the hearing and determination of the cause; hence it is no bar to the conclusiveness and sentence for contempt that the court was investigating a matter over which it was finally ascertained to have no jurisdiction.'' 13 C. J. 14.

See, also, *United States v. Shipp,* 203 U. S. 563.

The action of abatement being *in rem,* and the court having jurisdiction to seize all property in the possession of the defendant, Bonnie Raymond, it follows that the mere irregular or improvident exercise of that jurisdiction would not avail one who laid claim to the property in a collateral proceeding.

''A defendant cannot refuse to obey an injunction, however improvidently or erroneously granted, but he is bound, at his peril, to obey it while it remains in force.'' *Barnes & Co. v. Chicago Typographical Union No. 16,* 232 Ill. 402, 83 N. E. 932, 122 Am. St. 129, 14 L. R. A. (N. S.) 1150.

Which is no more than to say that, upon inquiry collateral to a proceeding *in rem,* a court will not seek further than to ascertain whether it has jurisdiction of the subject-matter of the action for:

''If it were conceded that there was a defect of parties, that fact would not have deprived the court of

jurisdiction to have heard and decided the questions before it and its order granting the injunction would not have been void, and the respondents could not have justified their acts in violation of the injunction on the ground that there was a defect of parties to the bill." *Franklin Union No. 4 v. People*, 220 Ill. 355, 77 N. E. 176, 110 Am. St. 248, 4 L. R. A. (N. S.) 1001.

Appellant neither appeared in nor answered to the merit of the original case. It is not bound by the decree and may recover its property as if it were property sold *coram non judice*.

"When a sheriff sells chattels under an execution, he sells, not the absolute title and property in such chattels, but the property of the execution defendant therein." Murfree, Sheriffs (2d ed.), § 552; *Northern Pac. R. Co. v. Smith*, 68 Wash. 269, 122 Pac. 1057.

We find no merit in the suggestion that appellant was bound to make claim to the sheriff under Rem. Code, § 573. The statutory proceeding is not mandatory in the sense that a failure to proceed under it will estop an owner to assert his common law remedy, or to maintain an action under the claim and delivery statute.

"In other words, the statute [§ 573] was intended to give a claimant of property levied upon or attached an additional remedy for its recovery. It does not supersede the common law remedies. The claimant still has a choice of remedies; he may pursue the procedure pointed out by the statute, or he may maintain replevin to recover the property in specie, or trover for its conversion." *Carpenter v. Barry*, 26 Wash. 255, 66 Pac. 393.

The judgment of the lower court is reversed with directions to enter a judgment in favor of the appellant.

MAIN, C. J., HOLCOMB, MACKINTOSH, and MOUNT, JJ., concur.