[No. 15055. Department Two. January 9, 1919.]

ETERNAL TRUTH SPIRITUALIST CHURCH OF AMERICA, *Respondent,* v. JOSEPH STUBER *et al., Appellants.*[1]

RELIGIOUS SOCIETIES' (5)—CONTROL—ACTIONS—INJUNCTION. A temporary injunction, pending determination of the merits of an action between rival church factions, is properly granted where plaintiff trustees were in possession and conducting the business of the church much as had been done, and restraint was necessary to prevent loss of corporate functions and property.

Appeal from an order of the superior court for King county, Ronald, J., entered May 10, 1918, granting a temporary injunction, after a hearing before the court upon affidavits. Affirmed.

*Edgar C. Snyder,* for appellants.

*George A. Custer* and *Frank E. James,* for respondent.

[1]Reported in 177 Pac. 686.

FULLERTON, J.—The respondent, plaintiff below, is a religious society, duly incorporated under the laws of the state of Washington. Its by-laws provide for certain officers, and a governing body consisting of five trustees. By some means, not made altogether clear by the record, it has developed two sets of trustees, each set claiming to be the *de jure* as well as the *de facto* trustees of the corporation, entitled to possession of its property and entitled to exercise and control its corporate functions. On April 6, 1918, the appellants in the present action, purporting to act as trustees of the corporation, entered an order removing from office the pastor of the church, and on the next day entered a similar order removing the treasurer. On the refusal of these officers to recognize the authority of the board, that body, purporting to act for and on behalf of the corporation, brought an action seeking to restrain them from exercising any of the duties pertaining to the offices of pastor and treasurer. Immediately thereafter, the rival board of trustees, in the name of the corporation, instituted the present action. In the complaint it is alleged that the defendants are usurping the offices of trustees of the corporation, and attempting to conduct and carry on its business and control its property and assets without legal authority or right. The prayer was for injunctive relief. On the filing of the complaint, an application was made for a temporary injunction pending the hearing of the cause upon its merits. The application was duly noted for hearing, at which hearing the rival board appeared, and both sides submitted the controversy to the court on affidavits in which the claims of the rival contestants are set forth in more or less detail. The trial court granted a temporary injunc-

tion, and from the order entered evidencing its rul-
ing, this appeal is prosecuted.

The sole question presented here is the sufficiency
of the evidence to warrant the relief granted. The
appellants concede that, in this jurisdiction, the power
of the court to grant a temporary injunction is more
or less discretionary, but contend that the discretion
is not arbitrary or unlimited and must be exercised
reasonably, else the order is subject to correction for
manifest abuse, and insist that there was here such
manifest abuse. But conceding the correctness of the
rule contended for, and giving full effect to the lan-
guage of the cases cited in support thereof, we can-
not conclude from the record before us that the court
in making the order complained of exceeded its le-
gitimate powers. It is needless to detail the evidence.
It is sufficient to say that the quarrel between the rival
factions has engendered the bitterness usual in such
cases, and that the witnesses are widely divergent on
almost every essential fact. But the evidence clearly
shows that the respondent faction is in possession of
the hall where the services of the church are held, are
in possession of the church's records and property,
are conducting the business of the church, in so far as
they have been permitted so to do by the appellants,
much as it was wont to be conducted before the pres-
ent difficulty arose, and that to leave the parties un-
restrained may result in the nullification, for the time
being, at least, of the corporation's functions and
powers, as well as a loss of its corporate property.
These facts, we think, justify the ruling of the trial
court.

The question of the ultimate rights of the parties
was not before the trial court and is not before us,
and is not, of course, hereby determined; these mat-

ters will be fully met at the hearing upon the merits. We but hold that the trial court did well in declaring an armistice in which hostilities shall be suspended until final peace shall be restored by a judgment upon the merits of the controversy.

Order affirmed.

MAIN, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.