[No. 35126.   Department Two.   March 10, 1960.]

BERTHA M. DLOUHY, *Respondent*, v. LAMBERT F. DLOUHY, *Appellant*.[1]

[1]Reported in 349 P. (2d) 1073.

*Irene Rush Ferris, George M. Lhamon,* and *Donna Mc-Arthur,* for appellant.

*Jonson & Jonson,* for respondent.

FOSTER, J.—The sole question for determination is whether appellant's personal resistance to a noticed motion to convert a temporary restraining order into an injunction pending the trial of the case was a general appearance entitling him to notice of subsequent proceedings.

The respondent wife instituted suit for divorce on November 29, 1957, and simultaneously obtained an *ex parte* restraining order prohibiting appellant from selling or encumbering property of the parties, pending the trial of the cause, returnable December 9, 1957, at which time he was to show cause why it should not be converted to a temporary injunction pending a trial of the case, and to show cause why he should not vacate the home. The summons and complaint, the *ex parte* restraining order, and ancillary papers were all personally served on the appellant. On the return date, December 9, 1957, the appellant personally appeared without counsel and responded to the court's questions with respect to the merits of the temporary restraining order and the motion to convert it to an injunction *pendente lite.*

On the return date, the temporary restraining order was in part converted to a temporary injunction and in part dis-

solved. The order entered December 16, 1957, omitting the formal parts, is as follows:

"THIS MATTER having come on duly and regularly for hearing on the 9th day of December, 1957, before the Honorable Malcolm Douglas, one of the Judges of the above entitled Court, upon the Order to Show Cause heretofore issued out of the above entitled Court on the 29th day of November, 1957; the plaintiff being represented by her attorneys, Jonson & Jonson, *and the defendant appearing in person but not being represented by Counsel*, and the Court, having heard the testimony and statements of counsel, and being fully advised in the premises, does now,

"ORDER, ADJUDGE AND DECREE that the defendant, Lambert F. Dlouhy, be, and he is hereby restrained from molesting, annoying or threatening this plaintiff in any manner whatsoever pending the trial of this action, and said defendant be, and he is hereby further restrained from selling, assigning, mortgaging or disposing of any of the property of these parties in any manner whatsoever pending the trial of this action, and it is further,

"ORDERED, ADJUDGED AND DECREED that the motion of the plaintiff to require the defendant to vacate the home of the parties and be restrained from returning thereto, be, and the same is hereby denied." (Italics ours.)

It was neither served on nor approved by appellant.

On December 31, 1957, respondent filed a motion and affidavit for default, and appellant's default entered the same day. On February 20, 1958, respondent noted the cause for trial on the uncontested calendar for March 3, 1958, and on that day the court awarded respondent a decree of divorce. Appellant was not given notice of any of these proceedings. He took no action nor did he file any papers in the cause other than contesting the motion on December 9, 1957.

In July, 1958, appellant petitioned for vacation of the divorce decree. Upon trial, respondent's challenge to the sufficiency of the evidence was sustained, from which judgment appellant husband appeals.

If appellant's acts at the hearing on the application for an injunction *pendente lite* constituted an appearance, he *was entitled to notice of all subsequent proceedings* which he did not receive, and the default divorce decree must be vacated.

■ The appearance statute, RCW 4.28.210,[2] describes a number of ways by which a defendant may appear in an action, but it is settled law that the statutory methods of appearance are not exclusive. *Warnock v. Seattle Times Co.*, 48 Wn. (2d) 450, 294 P. (2d) 646; *In re Quick's Estate*, 161 Wash. 537, 297 Pac. 198; *State ex rel. Trickel v. Superior Court*, 52 Wash. 13, 100 Pac. 155.

■ The common-law rule as to what constitutes an appearance is: Any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court, amounts to a general appearance. *Everett Ry., Light & Power Co. v. United States*, 236 Fed. 806; *White v. Million*, 175 Wash. 189, 27 P. (2d) 320; *State ex rel. Trickel v. Superior Court, supra; Foohs v. Bilby,* 95 Ark. 302, 129 S.W. 1104; 6 C. J. S. 4, 5, § 1(c)(2)(a). It is clear that appellant made no objection to the jurisdiction; rather, he argued the motion on its merits. By so doing he recognized that the cause was in court and that the court had the power to determine it.

However, the appeal is not thus easily decided. Inquiry must, nevertheless, be addressed as to whether such acts by appellant constituted an appearance.

■■ It is the policy of the law that controversies be determined on the merits rather than by default. See *Beatty v. McClellan,* 119 Ind. App. 385, 88 N. E. (2d) 56. The legislative mandate is recognized in *State ex rel. Trickel v. Superior Court, supra,* that a liberal interpretation be given to the appearance statutes.

■ Certain it is that a defendant may appear *pro se,* without an attorney. This may no longer be common, but it is just as effective. *Everett Ry., Light & Power Co. v.*

[2]"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance." RCW 4.28.210.

*United States, supra; McCoy v. Bell,* 1 Wash. 504, 20 Pac. 595; *State ex rel. Bevan v. Williams,* 316 Mo. 665, 291 S. W. 481; *Hudson v. Manning,* 250 Ky. 760, 63 S. W. (2d) 943; *John Weis, Inc. v. Reed,* 22 Tenn. App. 90, 118 S. W. (2d) 677. At common law, original appearance could be accomplished only by a litigant in person. *Beecher's Case,* 77 Eng. Reprints 559; *Beecher v. Shirley,* 79 Eng. Reprints 183; 26 Halsbury's Laws of England (2d ed.) 38, §§ 56, 57; 30 Halsbury's Laws of England (3d ed.) 365, §§ 680, 681. A litigant may now appear through an attorney, but that does not destroy the right of a party to appear in person.[3]

■  Respondent contends that appellant's presence and acts in opposition to the motion and show cause were coerced by the court's order. Respondent argues that appellant's presence, being compulsory rather than voluntary, cannot be construed as a voluntary appearance. Assuming that a coerced presence by a party in court does not constitute an appearance (See *Simon Piano Co. v. Fairfield,* 103 Wash. 206, 174 Pac. 457), respondent's contention must, nevertheless, fall. Appellant was present in response to a noticed motion and order to show cause, the determination of which would affect his rights. He was not obliged to appear, but he did so in an attempt to preserve his rights. Such is dissimilar to a contempt proceeding wherein the party *must* appear under coercive process.

■  Where there is coercive process, one must personally submit to the court's power; where one is given notice of hearing on a motion affecting substantial rights, he may either submit himself to the court's jurisdiction and attempt to protect his rights, or he may not appear and allow their determination *in absentia.* The choice is his. He is no more coerced than he would be in choosing to appear in answer to a summons and complaint. See *In re Samuelson,* 134 N. J. L. 573, 49 A. (2d) 479; *Canaday v. Superior Court,* 49 Del. 456, 119 A. (2d) 347; 6 C. J. S. 4, § 1 (c) (1).

---

[3]See *Tiffin v. Hendricks,* 44 Wn. (2d) 837, 271 P. (2d) 683, wherein this court said:

"When an attorney makes a formal appearance for a defendant, it is the *defendant* who appears and not the attorney. . . ."

In the *Canaday* case, the court referred to an attachment as

" . . . at most . . . a coercive force designed to induce a voluntary submission to jurisdiction. . . . That such a submission may be coerced by attachment of property does not destroy its voluntary nature. . . ."

Such is analogous to the effect of the instant motion and show cause order. Appellant's presence and opposition to the motion and show cause order was voluntary.

Respondent insists that even if it be held that appellant's acts constituted a voluntary appearance as to the temporary application, such acts did not constitute a general appearance. Respondent's argument is that there is a substantial difference between a hearing on an application for relief *pendente lite* and a trial on the merits. Respondent relies on *Eternal Truth Spiritualist Church of America v. Stuber,* 105 Wash. 154, 177 Pac. 686.

There was no question in that case as to whether contesting the issuance of the injunction did or did not constitute a general appearance. It was there stated:

"The sole question presented here is the sufficiency of the evidence to warrant the relief granted. . . ."

The court held that a temporary injunction was properly granted because the trial court "did well in declaring an armistice in which hostilities shall be suspended until final peace shall be restored by a judgment . . . " In stating that the question of the parties' ultimate rights was not before the trial court, it was held only that the trial court did not have to try the entire case to enjoin pending trial.

On a motion for temporary relief pending trial, a party who contests such motion on the *merits* thereby submits himself to the jurisdiction of the court. Such is in accord with the general principle that any action by a party which recognizes the case as in court constitutes a general appearance.

It is not necessary that the actual merits of the case be directly involved and argued in the proceeding. The test is whether the proceeding bears a relation to the case

so that both sides recognize that participation therein constitutes submission to the court's jurisdiction of the entire matter. The party's acts must have some direct purpose in the cause to constitute an appearance; the acts cannot be wholly collateral. *Fulton v. Ramsey,* 67 W. Va. 321, 68 S. E. 381.

Thus this court has held that service of interrogatories (*State ex rel. Trickel v. Superior Court, supra*), or the filing of a bill of particulars (*White v. Million, supra*) constituted an appearance. In a recent case, *Warnock v. Seattle Times Co., supra,* this court held that service of a demand for security for costs was recognition by defendant that the case was in court, and constituted an appearance. It is obvious that a party who disputes the merits of a preliminary application thereby appears and submits to the court's jurisdiction. *Dyker Heights Home for Blind Children v. Stolitzky,* 250 App. Div. 229, 294 N. Y. S. 15; *Hays v. Laclede Christy Clay Products Co.* (Mo.), 245 S. W. 196; *Inter-Ocean Cas. Co. v. Liles,* 218 Ala. 179, 118 So. 328. It was held that, where an action is pending against a party and there is application for entry of an interlocutory order, resistance of such application constitutes an appearance in the principal action. *Blondel v. Ohlman,* 132 Iowa 257, 109 N. W. 806.

The temporary matters contested were similar to the issues to be decided upon trial, and the temporary relief requested was similar to that prayed for in the complaint. Thus, the appellant's acts clearly recognized the case as in court.

Appellant's acts constituted an appearance, and he was, therefore, entitled to notice of all subsequent proceedings.

Reversed and remanded with directions to vacate the decree of divorce and the order of default upon which it is based.

WEAVER, C. J. HILL, ROSELLINI, and HUNTER, JJ., concur.