[No. 3174. Decided February 18, 1899.

THE STATE OF WASHINGTON, *on the Relation of Olive Sander, Respondent,* v. J. B. JONES, *Appellant.*

CONTEMPT—APPEAL—CONSTRUCTION OF AFFIDAVIT—DISCRETION OF COURT—JUDICIAL NOTICE.

An affidavit charging contempt will be construed on appeal with every intendment in its favor, where no objection by demurrer or otherwise was interposed to its sufficiency in the lower court, and the testimony introduced on the hearing is not brought up in the record.

The discretion reposed in trial courts, in the matter of punishing for contempt the refusal to obey their judgments, even though they may be irregular or void in part, will not be interfered with by appellate courts, unless it plainly appears that such discretion has been abused.

In a proceeding for contempt for violation of an injunction, the court will take judicial notice of its own order in granting the injunction.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge.   Affirmed.

*Mires & Warner,* for appellant.

*Graves & Englehart,* and *Daniel Gaby,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The relator filed an affidavit in the superior court of Kittitas county charging the appellant with violating a decree made and entered in the superior court, entitled Carl A. Sander, plaintiff, v. J. B. Jones *et al.,* defendants.   A warrant was issued and defendant Jones was brought into court to answer the charge of contempt. A plea of not guilty was entered, testimony was heard, and the defendant was found guilty of contempt and sentenced to pay a fine of one dollar and costs of the proceeding.

The argument in appellant's brief is exceedingly meager, the only errors alleged being that the affidavit of contempt does not state facts sufficient to constitute a cause of action, and that the decree of the court, on which the affidavit was based, and which was made a part thereof, was not such a decree as would warrant a punishment for contempt for disobedience of its supposed commands. The testimony in the case is not before the court, so that the affidavit will have to be construed with every intendment in its favor, there having been no demurrer interposed to it, and no objection made in any way to its sufficiency in the lower court. We are not prepared to say that this affidavit would not have been sufficient even as against a demurrer; but, aided by the judgment, we think it is amply sufficient.

We are also unable to sustain the contention of the appellant that the decree of the court on which the affidavit was based is not sufficient. Great latitude is accorded trial courts by appellate courts in matters of this kind, and the discretion of the superior court will not be interfered with unless it is plainly abused.

It has been held in *Tolman v. Jones,* 114 Ill. 147 (28 N. E. 464), that, where a court of chancery has acquired jurisdiction, the appellate court will not interfere, and that, where a part of the judgment upon which the contempt proceedings were based was void, even that would not relieve the defendant from the necessity of appearing and showing cause why he should not be punished for not obeying the portion of the judgment which was not void. It was also held that the only question that the appellate court would inquire into was the question of whether the trial court had jurisdiction of the case, and that, where the defendant appeared, he waived all irregularities in the order to show cause. This principle was affirmed in

37—20 WASH.

*Leopold v. People,* 140 Ill. 552 (30 N. E. 348).   There it was said:

" A party can not be guilty of contempt of court for disobeying an order which the court had no authority of law to make.   Want of power, as here used, is not, however, to be confused with mere irregularity in the exercise of power, for if the court has jurisdiction of the parties and legal authority to render the order, then a party can not stand in defiance of it, however improvidently or erroneously made."

And it was said in that case that the defendant should, at least, obey the order to the extent that it was regular, and ask the protection of the court against that part which was erroneous.

In the case at bar it must be conceded that the court had jurisdiction of the subject matter and of the parties.   The irregularities, if any existed, were not moved against by the defendant; but he went into trial and was found guilty, and he must abide by the judgment.   In any event, so far as the objection to the original judgment in this case is concerned, in a proceeding for contempt for violation of an injunction, the court will take judicial notice of its own order in granting the injunction.   *Jordan v. Circuit Court of Wapello County,* 69 Iowa, 177 (28 N. W. 548).   The judgment is affirmed.

GORDON, C. J., and FULLERTON, ANDERS and REAVIS, JJ., concur.