[No. 7552.  Decided January 16, 1909.]

OTTO BITTRICK *et al.*, *Respondents*, v. CONSOLIDATED IMPROVEMENT COMPANY, *Appellant*.[1]

SPECIFIC PERFORMANCE—PARTIES ENTITLED—INTEREST IN SUBJECT-MATTER.  An action for specific performance of a contract to convey land may be maintained by a vendee who has contracted to sell the land to another and is obligated to deliver good title.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS BELOW.  An objection that plaintiff has no interest in the subject-matter of the action cannot be first raised on appeal.

PRINCIPAL AND AGENT — BROKERS — AUTHORITY TO SELL LAND — VENDOR AND PURCHASER.  Findings that a corporation executing a contract of sale as agent for the owner, another corporation, had authority so to do are sustained where it appears that the first corporation was agent for the other for some purposes, that confidential relations existed between the two, and that the owner did not repudiate the contract when informed thereof, but left it to the president of the agent to say whether it should be fulfilled.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered April 27, 1908, upon findings in favor of the plaintiffs, after a trial before the court without a jury, in an action for specific performance of a contract to convey land.  Affirmed.

*Gallagher & Thayer*, for appellant.

*Scott & Campbell* and *John W. Rummage*, for respondents.

RUDKIN, C. J.—On the 24th of November, 1905, Arthur D. Jones & Co., as agent for the owner, entered into the fol-

[1]Reported in 99 Pac. 303.

lowing contract with the plaintiff Otto Bittrick for the sale of
the real property therein described:

"Received from Otto Bittrick the sum of Twenty & No....
dollars to apply on the first payment for purchase of lot
ten (10) block fifteen (15) Nosler's, with abstract and clear
title within five days, at the price of 350.00 dollars, terms 1-3
cash; 1-3 six months; balance 18 months on or before.

"Upon being tendered deed and abstract showing clear
title the purchaser shall have three days to comply with the
terms herein or forfeit the payment at the option of the
owner.  Arthur D. Jones & Co., Agent for owner."

This action was thereafter instituted against the Consoli-
dated Improvement Company, as owner of the property, to
enforce specific performance of the contract of sale.  From
a judgment in favor of the plaintiffs, the defendant has
appealed.

The right of the respondents to maintain the action, and
the authority of Arthur D. Jones & Co. to enter into the
contract on behalf of the appellant, are the only questions
presented by the appeal.  The contention that the respond-
ents cannot maintain the action is based upon the ground
that they had contracted to sell the property to one Huber
before the commencement of the action.  The respondents
did not assign their contract, but agreed to sell to another
on other and different terms, and are still obligated to
deliver good title to their vendee.  Their interest in the sub-
ject-matter of the contract has not, therefore, ceased, and
the action was properly instituted in their names.  In any
event, this objection was not made in the court below at any
stage of the proceeding, and such an objection cannot be
raised for the first time in this court.

The material facts relating to the principal transaction
are these:  The appellant is a corporation, organized for
the purpose of handling and managing the property of F.
Lewis Clark, who is the owner of substantially all of the
corporate stock.  Arthur D. Jones & Co. is a corporation

engaged in the real estate, insurance and loan business. Arthur D. Jones is vice president of the Consolidated Improvement Company and president and manager of Arthur D. Jones & Co. W. E. Goodspeed is secretary and treasurer of the Consolidated Improvement Company and the personal representative of Clark, its principal stockholder. The relations between the two corporations have at all times been very close. They maintained the same offices for a time, but whether such was the fact at the time of this particular transaction does not clearly appear. Arthur D. Jones & Co. was the rental agent for the appellant with authority to execute leases in its behalf. It had also acted as a broker at different times in negotiating sales of the appellant's property. It had authority to take contracts from prospective purchasers, furnish abstracts of title, and submit final contracts to the purchasers for execution. The appellant contends, however, that these contracts were ineffectual until approved by Mr. Goodspeed and signed by the company.

The respondents applied to Arthur D. Jones & Co. to purchase the lot in question, and their testimony tends to show that Arthur D. Jones was consulted before the receipt was given. After the receipt was given, Arthur D. Jones & Co. submitted an abstract of title to the purchasers, and after the abstract was approved a formal contract of sale was presented to them for their signatures. This contract the respondent refused to sign because it constituted the secretary of the appellant company their attorney in fact to release the contract of record whenever a forfeiture should be declared for breach of any of the conditions therein contained. As soon as the respondents refused to sign the contract, Arthur D. Jones & Co. broke off all negotiations, tendered back the installment of the purchase price already paid, and demanded a return of the abstract. This tender and demand were refused, and sometime afterwards the respondents applied to Mr. Goodspeed to see if something could

not be done towards carrying out the terms of the contract of sale. They were informed that the matter rested entirely with Arthur D. Jones, and at the request of the respondents, Goodspeed consulted Jones in regard to the matter. Jones refused to yield or to do anything, and the respondents were so informed. This action was the result.

Considering the confidential relations existing between the two corporations and their officers, the fact that Arthur D. Jones & Co. executed the contract, the fact that it was the agent of the appellant, for certain purposes at least, and the further fact that the appellant did not repudiate the contract as soon as it ascertained that the contract had been entered into in its behalf, but instead left it to another to say whether the contract should be fulfilled, we are not prepared to say that the court erred in finding that the contract was obligatory on the appellant.

The judgment is therefore affirmed.

FULLERTON, CHADWICK, and MOUNT, JJ., concur.

CROW, J., took no part.