## Williams, et al. v. Sears, et al.

(Decided January 20, 1920.)

### Appeal from Allen Circuit Court.

1. Judgment—Agreed Judgment—Conclusiveness.—An agreed judgment is as binding on the parties as one rendered by the court after a trial on the merits.

2. Judgment—Agreed Judgment—When Judgment May Not Be Set Aside.—An executed agreed judgment, directing the sale of several tracts of land and adjusting the rights of the parties to the proceeds, will not be set aside on the sole ground that a particular tract of land directed by the judgment to be sold was sold by mistake or inadvertence on the part of the commissioner.

3 Judicial Sales—When Complaint of the Number of Acres sold Too Late.—A surveyor reported the number of acres in each tract of land ordered to be sold. The sales were made in conformity with his report No exceptions to his report of the sales were filed and the sales were confirmed. The purchase money for each tract of land was paid, and deeds made to the purchasers. A year later appellants attacked the sales and insisted that the purchasers should pay on a greater acreage than was fixed by the surveyor's report and the judgment. Held, that their complaint came too late.

GEORGE H. GALLOWAY and W. O. RODES for appellants.

NOEL F. HARPER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Raleigh Sears, R. L. Sears and S. W. Sears were partners and did business under the firm name of S. W. Sears & Bros. Their personal property was owned by the firm, but all of the real estate was not held that way. Raleigh Sears died intestate, leaving S. W. Sears, R. L. Sears, and the children and grandchildren of his deceased sister, Mrs. Lodge, as his only heirs at law. A few days after the death of Raleigh Sears, S. W. Sears died, leaving a will by which he devised all of his estate to his surviving brother, R. L. Sears.

This suit was brought by R. L. Sears and others against Florence Williams and others, the children of Mrs. George Lodge, to sell all the land which Raleigh Sears owned, or had an interest in, at the time of his death, and to settle his estate. Among the tracts asked to be sold was the Albert Sears home place, which, upon the death of Albert Sears, the father of the three brothers composing the firm of S. W. Sears & Bros., descended to them and their two sisters, Mrs. Atwood and Mrs. Lodge, subject to the widow's dower therein. The petition set forth the precise interests which the plaintiffs and defendants had in the latter tract. Defendants filed an answer raising certain questions, but did not deny the allegations of the petition respecting the ownership of the Albert Sears home place. The rights of the parties were finally compromised by an agreed judgment which directed the sale of all the property described in the petition, including the Albert Sears home place. The judgment provided that, after the payment of certain costs and indebtedness, one-third of the proceeds of sale should be given to the Lodge heirs. Among the provisions of the judgment is the following:

"It is the judgment of the court and the agreement of all the parties that for and in consideration of the said Emma Morris, Joe Lodge, Ernest Lodge and Grovie Lodge, receiving the one-third of said estate as above set out, that this is a full and final settlement of their entire interest in any and all property personal, real or mixed belonging to the estate of Raleigh Sears or S. W. Sears and the interest in all the property of R. L. Sears or to their mother, T. A. Lodge in any of the property above described."

By another agreed order, B. A. Downing, a practical surveyor, was appointed by the court to survey the Albert Sears home place and all the other tracts of land,

unless the deeds gave a full and complete description of same. The surveyor made a survey of each and every tract described in the judgment, and filed plats and reports showing the number of acres in each tract. The lands were sold and purchased by various parties. No exceptions were filed to the reports of sales, and the sales were confirmed. The purchase money was paid and deeds made to the purchasers.

About a year later, four of the children of Mrs. Lodge filed an amended answer, asserting in substance that the interest of their mother in the Albert Sears home place had been partitioned and alloted to her, and by mistake or oversight was sold by the commissioner as a part of the estate of Sears Bros. They further alleged that the land was advertised and sold as containing 1,370 acres, when in fact it contained more than 1,600 acres. The court declined to permit the amendment to be filed but made it a part of the record. The defendants, who tendered the amendment, appeal.

Of course, an agreed judgment is as binding on the parties as one rendered by the court after a trial on the merits. Adler v. Van Kirk Land, etc., Co., 114 Ala. 551, 21 So. 490, 62 A. S. R. 133; Thompson v. Maxwell Land-Grant & Railway Co., etc., 95 U. S. 391, 24 L. Ed. 481. The agreed judgment gave to appellants one-third of the proceeds of certain lands, which it is doubtful if they had any interest in. At the same time, it directed the sale of the Albert Sears home farm and gave to appellants a one-third interest in the proceeds. In consideration of receiving a one-third interest in the proceeds of all the lands directed to be sold, they waived their right to any other interest in any other lands, including those which descended to their mother. The judgment was executed by a sale of the lands and a distribution of the proceeds. It is not contended that the judgment was obtained by fraud, or that it does not conform to the agreement between the parties. The amended answer attacks the judgment on the ground that the Albert Sears home place was sold by mistake or inadvertence on the part of the commissioner. Manifestly, this is not true for the judgment directed the commissioner to sell the Albert Sears home place. Under these circumstances, the judgment in question is conclusive of the rights of appellants, not only in the other lands, but also in the Albert Sears home place, and the judgment cannot be set aside in part

on the sole ground that the Albert Sears home place was sold by mistake or inadvertence on the part of the commissioner when the judgment itself shows that the charge is untrue, and that the commissioner merely did what the judgment commanded him to do.

Appellants filed no exceptions to the surveyor's report giving the number of acres in each tract of land ordered to be sold. The sales were made in conformity, with this report. No exceptions to the sales were filed, and the sales were confirmed. Not only so, but the purchase money for each tract of land was paid and deeds made to the purchasers. A year after all this was done, appellants attacked the sales and insisted that the purchasers should pay on a greater acreage than was fixed by the surveyor's report and the judgment. The chancellor did not err in holding that their complaint came too late. Since appellants' rights in the Albert Sears home place were concluded by the judgment, and the amended answer showed no reason why the judgment should be opened up or set aside, and their complaint that the land sold embraced a larger acreage than was fixed by the judgment and the surveyor's report came too late, the chancellor did not err in refusing to permit the amendment to be filed.

Judgment affirmed.