[No. 29870. Department Two. August 29, 1946.]

THE STATE OF WASHINGTON, *Appellant,* v. HARRY LEW, *Respondent.*[1]

[1]Reported in 172 P. (2d) 289.

*Lloyd Shorett* and *Max R. Nicolai,* for appellant.

*George R. Stuntz* and *Clarence J. Coleman,* for respondent.

JEFFERS, J.—This is an appeal by the state of Washington from a judgment made and entered by the superior court for King county, on January 9, 1946, dismissing an amended information purporting to charge defendant, Harry Lew, with contempt in that he wilfully violated a lawful mandate of the superior court made and entered in cause No. 356344 of the superior court records for King county.

A bill of exceptions was filed in this court by the state (appellant) on April 9, 1946, and on April 7, 1946, respondent, Harry Lew, filed a motion to strike the bill, dismiss the appeal, and affirm the judgment. On or about May 17, 1946, which apparently was after the briefs herein were printed, this court granted the motion to strike the bill of exceptions, but denied the motion to dismiss the appeal. We do not have in this record, then, either a bill of exceptions or statement of facts.

Respondent states on page 5 of his brief:

"In event the court grants our motion to strike the bill of exceptions, the only matters, facts and proceedings properly before this court is the amended information, the plea in abatement and answer thereto, the demurrer, the order sustaining the plea in abatement and demurrer and order dismissing the action. Since there is no complete bill of exceptions, there is nothing properly before this court disclosing the basis of the trial court's decision. Nowhere do the facts upon which the court concluded that the injunctive order in cause No. 356,344 appear in the record."

It is apparent that the only purpose of the plea in abatement was to raise the question of whether or not the injunctive order in cause No. 356344 was valid or void, as a

matter of law, without the necessity of going to trial, and respondent so states on page 10 of his brief. We quote:

"The question of whether or not the injunctive order in cause No. 356344 was valid or void is a question of law for the court to determine from all the facts touching upon the validity of the injunctive order. . . . How can this question be tested out more expeditiously and with less trouble and expense to all concerned than by means of a plea in abatement? Obviously by no other means. Logically, too, there must be some procedure available since only a question of law is ultimately involved *without the necessity of going to trial.*" (Italics ours.)

■ As appears from the record, the facts upon which the trial court concluded, as a matter of law, that the injunctive order was void and therefore constituted no basis for the contempt proceedings, were contained in the pleadings considered by the court. Of course, in a contempt proceeding, the trial court, as stated in *State ex rel. Sander v. Jones*, 20 Wash. 576, 56 Pac. 369, "will take judicial notice of its own order granting the injunction."

■ We are of the opinion that we have before us in the transcript, properly certified to by the clerk of the superior court for King county, the same record that was considered by the trial court in reaching its conclusions; and, to quote from *Hodgen v. Department of Labor & Industries*, 194 Wash. 541, 544, 78 P. (2d) 949, "in all cases, however tried, there is the question whether the judgment is proper and valid under the law."

The amended information states:

"I, Lloyd Shorett, prosecuting attorney in and for the county of King, state of Washington, come now here in the name and by the authority of the state of Washington, and by this information do accuse Harry Lew of contempt of court, committed as follows, to-wit:

"That, on or about September 9, 1945, the defendant, Harry Lew, wilfully and unlawfully disobeyed a lawful mandate of the superior court for the county of King, to-wit: An injunction entered on the 16th day of November, 1944 in cause No. 356344 enjoining the defendant, Harry Lew, his agents, servants and all other persons acting by or through said Harry Lew, for the period of one year, from

carrying on gambling on the premises known as 10315 East Marginal Way, Seattle, King county, Washington, or permitting to be maintained upon said premises any gambling paraphernalia; by wilfully and unlawfully permitting gambling to be carried on on said premises and by wilfully and unlawfully permitting to be maintained gambling paraphernalia upon said premises in the county of King, state of Washington."

To this information, respondent filed a plea in abatement and a demurrer. The plea in abatement states in paragraph 1: "That there is no authority in law for the issuance of the information herein." In paragraph 2, respondent, after setting out the charging part of the information, alleges in substance that the order which respondent is, by the information, accused of wilfully violating was entered in a civil proceeding to abate certain real premises, and that the procedure to procure the abatement is statutory, specific, and exclusive; that, if the present action is permitted, respondent will be harassed by a double prosecution, and if convicted, he will be subjected to double punishment; that there is now pending in the superior court for King county civil cause No. 356344, an action to forfeit the bond of one thousand dollars ordered by the court in that cause.

It is further alleged in paragraph 3 of the plea that the order granting injunction, referred to in the amended information, is an invalid order, and, it being invalid, respondent is under no legal obligation to obey it; therefore, if he disobeys the provisions thereof, he cannot be held in contempt by the superior court. It is further alleged that the order granting injunction was issued in what purports to be a civil, or quasi-criminal, proceeding to abate real premises; that the procedure for the abatement of real premises is strictly statutory and must be construed solely in the light of statutory enactments, and that no authority can be conferred upon the superior court to issue any orders pertinent thereto unless the statutes of the state of Washington permit; that the statutes of this state do not authorize the issuance of an injunction in such a proceeding.

It is further alleged that no adjudication was ever made

in cause No. 356344 that a nuisance existed, and that, since no such adjudication was made, there is no statutory provision or legal provision confirming authority upon the superior court to issue the order granting injunction; that, since there has been no adjudication that a nuisance does exist, the contempt action is premature and is an attempt to try out, in a criminal proceeding, a civil matter now pending before the superior court.

Other allegations are made in the plea which we do not deem it necessary to set out.

Respondent's demurrer to the information sets up seven grounds. We mention two of them: (1) that the court has no jurisdiction of the person of the defendant or of the subject matter of the action; and (7) that the injunction set forth in the information was invalid, in that the court did not have the authority to issue such injunction, and that there was no provision in law to permit the issuance of such injunction.

Appellant, state of Washington, filed a demurrer to the plea in abatement, and also an answer.

It does not appear that the trial court considered appellant's demurrer to the plea in abatement, nor does it appear that appellant made any objection to the filing of the plea or to the trial court's considering it. Appellant, in its reply brief, at page 7, states:

"The court considered the information, respondent's plea in abatement and demurrer, and appellant's answer to respondent's pleadings."

Appellant's answer, in paragraph 1, denies each and every allegation contained in respondent's plea in abatement. In paragraph 2, appellant alleges that, on September 20, 1944, appellant filed summons and petition for abatement and injunction in cause No. 356344 (giving its title), after which appellant quotes from paragraphs 4, 5, and 6 of the petition, which quotations set forth the facts upon which the injunctive relief was asked. The prayer of the petition is then set out, and is as follows:

"WHEREFORE, relator prays for relief as follows:
"1. That an injunction be issued perpetually enjoining

the above defendants, their agents, servants, and all other persons acting by, through or under them, from maintaining or continuing said nuisance at the premises described in paragraph II hereof, and elsewhere in this state;

"2. That a perpetual injunction issue against the premises described in paragraph II hereof, and any and all buildings located thereon, perpetually restraining the practice and conduct of gambling thereon and therein;

"3. That the relator have such other and further relief as to the court should seem equitable and proper in the premises."

The answer then alleges that the summons and petition were personally served on respondent, Harry Lew, on September 20, 1944.

It is further alleged that, on November 16, 1944, there was entered and filed in cause No. 356344 the following order:

"This matter having come on for hearing upon the petition of the relator, relator being represented by Lloyd Shorett, prosecuting attorney of King county, and Max R. Nicolai, deputy prosecuting attorney, the defendants Walter C. Booth, Estelle Rozana Booth Lundberg, Raymond Borden Booth, Judson Boone Booth and Francis Leech not appearing, the defendants H. K. Mar Dong and Clara Mar Dong, his wife, appearing by their attorney, T. M. Royce, and the defendants Harry Lew and Jane Doe Lew appearing by their attorney, Mervin F. Bell; and it appearing to the court that the defendants Booth are not within the jurisdiction of the court, and that the defendants H. K. Mar Dong and Clara Mar Dong and Francis Leech did not have any interest in the premises mentioned, nor in any way connected therewith; and it appearing to the court that attorneys for the relator and the attorney for defendants Harry Lew and Jane Doe Lew have agreed that an injunction should issue herein, and the court being fully advised in the premises; now, therefore.

"IT IS ORDERED, ADJUDGED and DECREED that the defendants Harry Lew and Jane Doe Lew, their agents, servants and all other persons acting by or through them, be and they are hereby enjoined for the period of one year from the date of entry of this judgment from carrying on gambling in any form or manner whatsoever upon the premises particularly known as 10315 East Marginal Way, Seattle, King county,

Washington, or permitting to be maintained upon said premises any gambling paraphernalia.

"It is Further Ordered, Adjudged and Decreed that the defendants Harry Lew and Jane Doe Lew file a bond in the total sum of One Thousand Dollars ($1000.00), payable to the state of Washington, conditioned upon their compliance with the injunction referred to in the preceding paragraph, said bond to be exonerated after the period of one year from the date of said judgment.

"It is Further Ordered, Adjudged and Decreed that this action be dismissed against the defendants H. K. Mar Dong, Clara Mar Dong, Walter C. Booth, Estelle Rozana Booth Lundberg, Raymond Borden Booth, Judson Boone Booth and Francis Leech, with prejudice and without costs.

"Done in Open Court this 16th day of November, 1944. "Approved by:
Mervin F. Bell
Attorney for defendants (Signed) Hugh Todd
Harry Lew and Jane Doe Lew Judge"

It is further alleged that, on November 21, 1944, respondent deposited one thousand dollars cash, in compliance with the order of November 16, 1944.

The petition, the appearance of respondent, and the order granting injunction in cause No. 356344 are a part of the proceedings contained in the transcript before us.

On January 7, 1946, the trial court entered an order in the instant case, sustaining the plea in abatement and the demurrer. We quote the order:

"This matter having come on regularly for hearing before the Honorable Howard Findley, one of the judges of the above entitled court, upon the defendant's *plea in abatement* to the above entitled action [amended information] and his *demurrer* to said action, the state of Washington being represented by Lloyd Shorett, prosecuting attorney of King county, Washington, by his deputy Max R. Nicolai, the defendant being represented by John M. Schermer and F. M. Reischling, the court having listened to the arguments of counsel and having considered the records and files in said cause and in cause No. 356344, being entitled the State of Washington ex rel Lloyd Shorett, Prosecuting Attorney of King County vs. Walter C. Booth, et al and cause No. 23121 being entitled State of Washington vs. Harry Lew, Defendant, and being fully advised in the premises and having

jurisdiction thereof, and being of the opinion that the 'Order granting injunction' in cause No. 356344 is void and invalid, and that the plea in abatement and demurrer to the above entitled cause, to-wit:—cause No. 23122 should be sustained and having heretofore rendered an oral decision to said effect, now therefore it is hereby

"ORDERED, ADJUDGED AND DECREED that the plea in abatement and the demurrer to cause No. 23122 be and the same are hereby sustained and it is further

"ORDERED, ADJUDGED AND DECREED that the 'Order Granting Injunction' in cause No. 356344, be and the same is hereby declared and adjudged to be void and invalid and not binding upon the defendant in said cause, and the clerk of court is hereby directed to return and refund to said defendant the bond heretofore posted by said defendant in accordance with the terms of said invalid order, to all of which the plaintiff excepts and the exception is allowed." (Italics ours.)

On January 9, 1946, the trial court entered an order of dismissal, which reads as follows:

"This matter having been heard on the 4th day of January, 1946 before the undersigned judge of the above entitled court, upon defendant's demurrer and defendant's plea in abatement to the amended information, and the court having heard arguments of counsel and the court having sustained the demurrer and having sustained the defendant's plea of abatement in this cause, and having on the 7th day of January 1946 entered its order sustaining defendant's plea in abatement and defendant's demurrer, and plaintiff having elected to stand upon its pleadings and the court being fully advised in the premises, it is hereby

"ORDERED, ADJUDGED and DECREED that the above entitled action be and the same is hereby dismissed; that the defendant's bail bond in the sum of one thousand dollars ($1,000.00) be and is hereby exonerated; that defendant's penal bond deposited in cause No. 356344 be and is hereby exonerated;

"To all of which plaintiff excepts and the exception is hereby allowed."

The state has appealed from the above order.

The assignments of error are (1) in sustaining respondent's demurrer; (2) in sustaining respondent's plea in abatement; (3) in entering an order dismissing the injunction; (4) in declaring null and void the order granting the injunc-

tion in cause No. 356344; and (5) in directing the clerk to return and refund to respondent the bond posted in cause No. 356344.

We are of the opinion that, from the wording of the order sustaining the plea in abatement and demurrer and order of dismissal, the trial court determined from the pleadings that there was but one general legal question presented, to wit: Was the order granting the injunction in cause No. 356344 a void order? Having determined that it was void, the trial court concluded that respondent would not be liable for contempt in violating the order.

The order of dismissal states specifically, ". . . and plaintiff [state] having elected to stand upon its pleadings . . ."

We are of the opinion that, from the record before us, we can determine whether the judgment entered by the trial court, from which this appeal is taken, is proper and valid under the law.

■ Appellant states in its brief that a plea in abatement was not available to respondent, inasmuch as Rem. Rev. Stat., § 2022 [P.P.C. § 132-1], abolishes all common-law pleadings and limits pleadings available to those expressly recognized by our criminal code.

In so far as the record before us shows, no motion to strike the plea in abatement was made, nor was any objection made to the plea as not being a proper plea or pleading, nor did the trial court pass upon the question. Appellant filed an answer to the plea, and that was considered by the trial court.

In view of the above record, we are of the opinion appellant cannot now raise the question of the availability of the plea to respondent. However, we do not pass upon the question of whether or not such a plea is proper in a criminal case.

It is argued by appellant that the order of injunction entered by the trial court in cause No. 356344 was a valid order; that, in any event, the order, even if said to be in excess of the court's power, is not subject to collateral attack in this proceeding.

■ We seem to be committed to the rule

". . . that the question of the validity of an original order going to the *jurisdiction of the court* may be raised in a collateral proceeding for contempt." *Simon Piano Co. v. Fairfield,* 103 Wash. 206, 210, 174 Pac. 457.

However, in the cited case, we stated: "The decree must be absolutely void to work in and of itself a purging of contempt."

In *State ex rel. Ewing v. Morris,* 120 Wash. 146, 158, 207 Pac. 18, we quoted from 6 R. C. L. 502, § 15, as follows:

" 'It is a general principle that a disobedience of any valid order of the court constitutes contempt, unless the defendant is unable to comply therewith,' "

the opinion continuing:

"The defendant may question the order which he is charged with refusing to obey only in so far as he can show it to be absolutely void; he cannot be heard to say that it was merely erroneous, however flagrant it may appear to be, since judgments of courts cannot be attacked collaterally for mere irregularities [citing authority]."

The petition in cause No. 356344, the injunction proceeding, in paragraph 2 describes certain real property located in King county. In paragraph 4, it is alleged that, at all times mentioned in the petition, the defendants H. K. Mar Dong and Harry Lew have conducted and operated those premises as a dine and dance establishment commonly known as "China Pheasant."

It is alleged in paragraph 5 that the sheriff of King county, acting through his deputies during the course of an official investigation, entered the above-described premises and found that gambling was carried on, and that various gambling paraphernalia and instrumentalities were kept on the premises.

It is alleged in paragraph 6 that the above-described premises and the building located thereon are, and for some time last past have been, used and maintained as a place in and upon which gambling has been conducted, that the defendants H. K. Mar Dong and Harry Lew, and each of them, are guilty of maintaining a nuisance, and that the real property

described in paragraph 2, the building thereon, and its contents, constitute a public nuisance, as defined by Rem. Rev. Stat., § 2500 [P.P.C. § 118-43].

Rem. Rev. Stat., § 2500, states:

"A public nuisance is a crime against the order and economy of the state. Every place

"(1) *Wherein any gambling,* swindling game or device, bookmaking, poolselling, or bucket-shop or any agency therefor *shall be conducted,* or *any article, apparatus or device useful therefor shall be kept* . . .

"Shall be a public nuisance." (Italics ours.)

Rem. Rev. Stat., § 9920 [P.P.C. § 81-37], provides:

"The remedies against a public nuisance are indictment (or information), a civil action, or abatement. . . ."

■ We are of the opinion that the petition above referred to alleged sufficient facts to show the existence of a public nuisance and to give the trial court in that proceeding jurisdiction of the subject matter and, respondent having appeared in the action, jurisdiction of the parties.

In view of our conclusion last above stated, can it be said that the judgment was absolutely void because an injunction was issued and a bond required of respondent to insure his compliance with the order for a period of one year?

It should be kept in mind that respondent, Harry Lew, appeared in the action and was represented at that time by Mervyn F. Bell, and that, as appears from the judgment itself, the parties stipulated that such a judgment be entered. It also appears that respondent furnished a one-thousand-dollar cash bond. We shall later refer to the effect of this stipulation.

■ It may be admitted that there is no statutory provision authorizing the issuance of an injunction to abate such a nuisance, nor is there any statutory provision for a bond; and the main basis of respondent's contention that the injunction order is void is based upon the fact that the statute does not provide such a remedy. However, we have recognized that, under the broad equity powers of the court, it may, in a proper case, enjoin a public nuisance.

In *Ingersoll v. Rousseau,* 35 Wash. 92, 76 Pac. 513, a civil

action was instituted by an individual to enjoin the defendant from maintaining or permitting to be maintained houses of ill fame. A permanent injunction was issued, from which judgment an appeal was taken to this court. It was contended by the appellant that respondent had a plain, speedy, and adequate remedy at law for the nuisance. Discussing this contention, we stated:

"The second contention of the appellant, while not entirely free from difficulty, we think is also without merit. It will be remembered that courts of equity have, from the earliest times, exercised jurisdiction to prevent and abate public nuisances, notwithstanding there has concurrently existed the common law remedies of indictment and action on the case. The jurisdiction was grounded on the inadequacy of the legal remedies; it being within the power of courts of equity, not only to abate an existing nuisance, but to do what the courts of law could not do—interpose and prevent threatened nuisances, and, by a perpetual injunction, make their remedies effectual throughout all future time. . . .

"The next question is, has the rule been changed by statute. The statutory legal remedies against public nuisances are much the same as those of the common law. They consist of an information or indictment, and a civil action for damages, with the added element of a warrant of abatement in case of a conviction or of a recovery. The first of these is notoriously inadequate to protect the rights of a person specially injured, for the very sufficient reason that he has neither the right to institute such an action, nor to control it after it has been instituted; these rights belong, properly enough, to the public officers, who may or may not see fit to exercise them in the particular case. The remedy afforded by an action of damages is more efficient, but it is nevertheless inadequate because the judgment cannot be made continuing in its operation. When the damages recovered are paid, and the warrant of abatement is executed and returned, the judgment is satisfied. The guilty party may, on the next day, create a new nuisance of the same kind at the same place, and the only legal remedy therefor is a new action, a new recovery, and another warrant of abatement; *whereas a court can, by the equitable relief of injunction, not only abate the existing nuisance,* but it can forbid the creation of other or similar nuisances in the future, *entering a judgment that will support an execution whenever its terms*

*are violated.* The jurisdiction of the courts to interfere by injunction against public nuisances can rest under the statute, therefore, on the same ground upon which it rested while the common law remedies were in force—on the ground of the inadequacy of the legal remedies." (Italics ours.)

The case of *Huntworth v. Tanner,* 87 Wash. 670, 152 Pac. 523, Ann. Cas. 1917D, 676, while not involving a nuisance, is interesting as showing the extent to which equitable relief has been employed in this state. In the cited case, the plaintiff brought an action to restrain a threatened arrest and prosecution for alleged violation of initiative measure No. 8, being popularly known as the employment agency law. The lower court sustained a demurrer to the complaint and entered a judgment dismissing plaintiff's action. The opinion in the cited case is also of interest in that it announces certain principles relative to the rights of one conducting a lawful business which seemingly have been forgotten by some courts during the past ten years. This court reversed the lower court and remanded the cause with instruction to enter a perpetual injunction.

We also call attention to the case of *Puget Sound Traction, Light & Power Co. v. Grassmeyer,* 102 Wash. 482, 173 Pac. 504, L. R. A. 1918F, 469, wherein this court reversed a judgment of the lower court which had dismissed an action for injunctive relief. The opinion states:

"Again, to engage in any form of business in defiance of laws regulating or prohibiting the business is a nuisance *per se,* and a person so engaging therein may, in this jurisdiction, be enjoined from so doing by any one suffering a special injury thereby."

The power of a court of equity to issue injunctive relief is discussed at length in the case of *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P. (2d) 397. The opinion in the cited case refers to Art. IV, § 6, of our state constitution, and quotes from *State ex rel. Roseburg v. Mohar,* 169 Wash. 368, 13 P. (2d) 454:

" 'The constitution of this state has clothed the superior court with original jurisdiction in all cases in equity, . . .

Const., Art. IV, § 6. The superior court has all the powers of the English chancery court.' "

The opinion continues:

"Thus, by the constitution, and independently of any legislative enactment, the judicial power over cases in equity has been vested in the courts, and, in the absence of any constitutional provisions to the contrary, such power may not be abrogated or restricted by the legislative department. Any legislation, therefore, the purpose or effect of which is to divest, in whole or in part, a constitutional court of its constitutional powers, is void as being an encroachment by the legislative department upon the judicial department.

"The writ of injunction is the principal, and the most important, process issued by courts of equity, it being frequently spoken of as the 'strong arm of equity.' Its function is to furnish preventive relief against irreparable mischief or injury. Its object and purpose is to preserve and keep things *in statu quo* until otherwise ordered, and to restrain an act which, if done, would be contrary to equity and good conscience."

■ The court having jurisdiction of the subject matter and the parties, the fact that the injunction order also required respondent to furnish a bond would not make the judgment void. See *State v. Terry*, 99 Wash. 1, 168 Pac. 513.

■ In addition to what has been said, there is another good and sufficient reason why the judgment entered in cause No. 356344 is not void, but is a valid judgment. We call attention again to the following recital in the judgment:

"And it appearing to the court that attorneys for the relator and the attorney for defendants Harry Lew and Jane Dow Lew have agreed that an injunction should issue herein."

On the judgment also appears the following endorsement:

"Approved by: Mervyn F. Bell, Attorney for defendants Harry Lew and Jane Doe Lew."

In the case of *State ex rel. Bogle v. Superior Court*, 63 Wash. 96, 114 Pac. 905, we discussed the power of the court to enter a stipulated judgment. We quote from the cited case:

"In the *Bedford* case [*Bedford v. Ruby,* 17 Neb. 97, 22 N. W. 76] it was held that the court had jurisdiction to determine a case upon the stipulation of the parties upon an agreed statement of facts. In the *Randolph County* case [*Randolph County v. Ralls,* 18 Ill. 29] it was held that, where the court has jurisdiction of the subject-matter, full appearance of the parties without objection confers upon the court jurisdiction of the person, and it may then adjudicate. In *Hutts v. Martin, supra* [134 Ind. 587, 33 N. E. 676], it is said:

" 'It is a general principle of the law, that courts have no power to adjudicate matters not involved in the issues in causes pending before them. Litigants do not place themselves for all purposes under the control of the court, and it is only the interests involved in the particular suit that can be affected by the adjudication. Over other matters, the court has no jurisdiction, and any decree or judgment relating thereto is void. . . . An exception to this rule exists, however, where the parties, by agreement, in open court, permit matters to be adjudicated not involved in the issues in the cause. In such cases the judgment rests upon the agreement of the parties, and not upon the pleadings in the cause.'

"In the *Bird* case [*Indiana B. & W. R. Co. v. Bird,* 116 Ind. 217, 18 N. E. 837, 9 Am. St. 842] the same principle is thus stated:

" 'A judgment by agreement will bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment.' "

The opinion of this court then states:

"These views we think are elementary, and they proceed from the principle that, subject to exceptions not necessary to state here, a party may waive any right or privilege which he has."

We appreciate the general rule that a party may not waive the question of jurisdiction, but in the injunction case the court had jurisdiction of the subject matter and the parties, so it had jurisdiction to make a determination, and the agreement of the parties only went to the form of the judgment to be entered.

The case of *Perdue v. Miller,* 64 S. W. (2d) (Tex. Civ. App.) 1002, quotes with approval the following statement

from *Parks v. Knox,* 61 Tex. Civ. App. 493, 130 S. W. 203, 208:

" 'But the judgment was one rendered in pursuance of an agreement made at a time when all of the parties were before the court. Whatever may be said concerning the jurisdiction of the court to pronounce the particular decree there rendered, in the absence of an agreement that it might be done, we do not think that objection can be urged in the present case. A judgment by consent cures all errors except those resulting from a lack of jurisdiction in the court.' "

In *Williams v. Sears,* 186 Ky. 576, 217 S. W. 667, it is stated that an agreed judgment is as binding on the parties as one rendered by the court after a trial on the merits.

■■■ It is true, as stated by respondent, that the injunctive order in cause No. 356344 does not specifically refer to the acts enjoined as a "public nuisance." However, this is not necessary, as the acts enjoined come within the definition of a public nuisance. It seems to us that it is inherent in the judgment that respondent was guilty of conducting and maintaining the public nuisance which was enjoined.

■■■ Having concluded that the trial court in the injunction proceeding had jurisdiction of the subject matter and the parties, the following rule announced in 34 C. J. 511, Judgments, § 815, would be applicable:

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except for fraud in its procurement. Even if the judgment is voidable, that is, so irregular or defective that it would be set aside or annulled on a proper direct application for that purpose, it is well settled as a general rule that it is not subject to collateral impeachment so long as it stands unreversed and in force."

Rem. Rev. Stat., § 2372 [P.P.C. § 114-1], provides:

"Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor: . . .
· "(4) Willful disobedience to the lawful process or mandate of a court. . . . "

 We are of the opinion that the amended information herein alleges facts sufficient to show a willful violation of a lawful mandate of the superior court for King county, namely, the judgment entered in cause No. 356344, and that the trial court erred in holding that such judgment was void, in sustaining respondent's plea in abatement and demurrer to the amended information, and in dismissing the action.

For the reasons herein assigned, the judgment of the lower court is reversed and remanded, with instructions to deny the plea in abatement, overrule the demurrer, and reinstate the amended information.

BEALS, C. J., BLAKE, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—I dissent. The personnel of the Bench changes within a few days. I am disinclined to endeavor in the short space of time afforded to express my views why I think the majority opinion is incorrect.

───────────

November 15, 1946. Petition for rehearing denied.

[1]Reported in 172 P. (2d) 249.