[No. 34136. Department Two. July 11, 1957.]

FLORINE COGSWELL, *Respondent*, v. BILLIE M. COGSWELL, *Appellant*.[1]

[1] Reported in 313 P. (2d) 364.

*Chavelle & Millard,* for appellant.

*Olwell & Boyle, amicus curiae.*

ROSELLINI, J.—The defendant was found guilty of contempt of court for violating the provisions of a temporary restraining order which prohibited him from molesting his wife and child.  On October 27, 1956, three days after the order was served upon him, he entered the home of his

wife's mother and stepfather and assaulted both of them, his wife, and his child with a gun.

It is not denied that the contemptuous acts occurred. It is urged, however, that the procedure followed in bringing the defendant before the court was improper. An affidavit, setting forth the facts concerning the shooting, was filed on October 29, 1956, and an order to show cause, returnable on November 1, 1956, was served upon the defendant that day. On the following day, October 30th, Judge Eugene A. Wright, on his own motion, had the defendant brought before him to answer the charge of contempt. The defendant contends that this procedure was not in accordance with that prescribed by RCW 7.20.040, which provides that, where the contempt is not committed in the immediate view and presence of the court,

". . . before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance."

The record reveals that the defendant was brought before the court by the police authorities. It appears that he had previously been arrested and was confined in jail. Under such circumstances, RCW 7.20.050 applies. It provides:

"If the party charged be in custody of an officer by virtue of a legal order or process, civil or criminal, except upon a sentence for a felony, an order may be made for the production of such person by the officer having him in custody that he may answer, and he shall thereupon be produced and held until an order be made for his disposal."

There can be no question but that the court had the authority, both inherent and statutory, to have the defendant brought before it to answer the charge of contempt. While it is true that the defendant was called upon to answer before the return date shown on the show cause order, there is no claim that he was prejudiced by this fact or that he was denied an opportunity to prepare his defense. The

defendant requested a continuance for the purpose of securing a medical examination, but he does not complain of the fact that this request was denied. His complaint is that no warrant of arrest was issued. It should be obvious that the issuance of a warrant would be an idle gesture when the defendant was already under arrest, and as we have observed, the proper procedure under such circumstances is to have the defendant brought up on order of the court. This was the procedure adopted in this instance.

It is next urged that the affidavit was defective in that it failed to recite that the restraining order had been issued and served upon the defendant, and that it had been violated. The statute provides that the "facts constituting the contempt" must be shown by affidavit. It was alleged in the affidavit that the defendant had done certain acts which would constitute contempt if they were contrary to the mandate of the restraining order. The affidavit was filed in the cause in which the restraining order was issued, and the record showed that the order had been served upon the defendant. It is well established that a court of this state may take judicial notice of the record presently before it. *Swak v. Department of Labor & Industries*, 40 Wn. (2d) 51, 240 P. (2d) 560; *State v. Lew*, 25 Wn. (2d) 854, 172 P. (2d) 289; *State ex rel. Sander v. Jones*, 20 Wash. 576, 56 Pac. 369. The latter two cases hold this principle applicable in a contempt proceeding where an injunction of the court has been violated. The statute requires that the affidavit be filed; however, the failure to serve a copy upon the defendant does not divest the court of its jurisdiction. See *State ex rel. Dunn v. Plese*, 134 Wash. 443, 235 Pac. 961. The sufficiency of the affidavit was not challenged in the trial court, and, for this reason, as we said in *State ex rel. Sander v. Jones*, *supra*, it must be construed with every intendment in its favor. The deficiencies complained of are formal and could have been cured by amendment, and it is certain that no one was misled. The affidavit, when read with the record, gives a substantial statement of the facts constituting the violation; and it is sufficient to give the court jurisdiction.

■. Another objection raised for the first time in this court is that the state was not joined as party plaintiff in the contempt proceeding. The defendant refers to RCW 7.20-.060, which provides that where a contempt proceeding is commenced on the relation of a private party, such party shall be deemed a coplaintiff with the state. The objection, in other words, is that there was a defect of parties plaintiff. We need not decide the merits of his contention on this appeal, since such an objection, if not taken by demurrer or answer, is waived. RCW 4.32.190; *West v. Keith*, 154 Wash. 682, 283 Pac. 198; *Lamb v. Connor*, 84 Wash. 121, 146 Pac. 174; *Harris v. Johnson*, 75 Wash. 291, 134 Pac. 1048; *Bittrick v. Consolidated Imp. Co.*, 51 Wash. 469, 99 Pac. 303; *Budlong v. Budlong*, 48 Wash. 645, 94 Pac. 478. The question is not, as the defendant contends, jurisdictional.

■ It is urged that the defendant's acts did not prejudice the "right or remedy" of the plaintiff (a circumstance that must be present before a defendant can be confined under the provisions of RCW 7.20.020 in cases such as this), and for that reason, the court exceeded its jurisdiction when it imposed a jail sentence. Under the provisions of the restraining order, the plaintiff was given the right to be free of molestation by the defendant; and we do not think it can be seriously argued that this right was not prejudiced. This contention is also without merit.

■ Finally, error is assigned to the failure of the trial court to make and enter formal findings of fact and conclusions of law. The judgment recites the facts, which are not in dispute. The defendant cites a number of cases in which we have held that in every case in which there is an issue of fact, the findings of fact and conclusions of law must be separately stated; and this is undoubtedly the rule. However, we have recognized that, where there is no dispute as to the facts, the remanding of a case for formal findings would be a useless act. In *State v. Knudsen*, 154 Wash. 87, 280 Pac. 922, we said:

"This case is, however, unusual in that the record discloses no dispute as to the facts. Appellant did not take the stand on his own behalf, nor did he offer or introduce any

evidence. No conflict whatever appears in the testimony given by the different witnesses for respondent, and in such a case, the failure of the trial court to make findings of fact must be held to constitute an irregularity only, as this court is in exactly as good a position to determine the facts as was the trial court. This court has held that Rem. Comp. Stat., § 367, is mandatory, but it is only reasonable to hold that such is the case only in instances where some disputed question of fact is presented by the evidence."

In the case at bar, the defendant refused to testify and called no witnesses. One witness testified to the acts committed by the defendant. There is not the slightest contention that his testimony was untrue. No useful purpose would be served in calling for the drawing and entering of formal findings and conclusions, and for this reason, we find it unnecessary to remand the case.

The defendant has raised no question which goes to the merits of this case, and the judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.

September 4, 1957. Petition for rehearing denied.