[No. 336-1.     Division One—Panel 1.     July 6, 1971.]

BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT No. 6, *Respondent*, v. MARK KRASNOWSKI *et al., Appellants.*

*Talbot & Stone* and *Chas. H. W. Talbot,* for appellants.

*Slade Gorton, Attorney General,* and *C. Kenneth Grosse, Assistant,* for respondent.

UTTER, J.—Appellants were found in contempt of court for violating a temporary restraining order. They appeal and assign error to the denial of their right to a trial by jury, to numerous findings of fact, and to the imposition of jail sentences by the trial court. They also assign as error the additional grounds that the temporary restraining order was invalid, inasmuch as they received no notice the order was being sought; the hearing for a preliminary injunction was not set for the earliest possible time; and the order allegedly infringed on their First Amendment rights.

On May 22, 1969, a dispute between certain student organizations and the administration of Seattle Community College resulted in a demonstration and march through the halls of the Edison South Branch of the college. During this march, doors were broken and telephones were torn from the walls. Later that day, the board of trustees of the college sought and obtained a temporary restraining order naming as defendants certain individuals, including the appellants, and several organizations. Attempts were made to give oral notice of the proceedings to all those named.

The temporary restraining order provided the parties named and those in active concert or participation with them be restrained:

1. From interfering with the free ingress and egress of plaintiff's agents, employees, or students from and to the Community College real property operated by the plaintiff;

2. From interfering with plaintiff's operation of Seattle Community College by (a) making such loud noise that it is impossible to operate classes or offices, (b) by occupation of classrooms, workshops, administrative offices and other facilities in such manner as to prevent their use by the students, faculty, or administrators of the plaintiff as an institution of higher education, or (c) by threatening injury to or assaulting students, faculty, or administrators who attend or operate the College as an institution of higher education;

3. From damaging the property operated by plaintiff.

The trial court found each of the appellants received actual notice of the issuance of the temporary restraining order on the morning of May 23, 1969. On that day, copies of the order were distributed at the Edison South Branch, and the order was read, using an amplifying device, by a member of the Black Student Union to a group of people assembled in front of the college.

On May 26, 1969, a crowd gathered in front of the Edison South building to listen to speakers from the Black Student Union. Following these speeches, several attempts were made by the crowd to close the school by blocking the entrances and refusing to allow ingress or egress. The trial court found that each of the appellants had actively participated in this conduct and that this participation was in violation of the temporary restraining order. Each appellant was found guilty of contempt and sentenced to 5 months in the county jail. The sentences were suspended on the condition they serve 1 month in the county jail with work release privileges and serve 1 year's probation.

· ██ Appellants first contend if their conduct was improper, they should have been punished by prosecution for criminal misconduct and that application of the injunctive process effectuated a denial of their constitutional right to a

jury trial. The injunction issued by the trial court did not seek to proscribe criminal activity. It sought to protect the real property of the college, as well as its right to function as a state supported institution of education. These are property rights which, when threatened with irreparable harm, may be protected by the injunctive process. *Sandona v. Cle Elum,* 37 Wn.2d 831, 226 P.2d 889 (1951); RCW 7.20. Under that chapter, the contemnor is not entitled to a jury trial. *Keller v. Keller,* 52 Wn.2d 84, 323 P.2d 231 (1958).

■ The record reflects the challenged findings of fact are supported by substantial evidence and we cannot overturn them. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Appellants contend their sentences were an improper exercise of judicial discretion. Before a defendant can be imprisoned for civil contempt, it must be established his conduct prejudiced a "right or remedy" of the plaintiff. RCW 7.20.020; *Cogswell v. Cogswell,* 50 Wn.2d 597, 313 P.2d 364 (1957). The court found that as a result of the conduct of the appellants, the respondent's "right to operate its . . . facilities as an institution of higher education was prejudiced." This finding is supported by substantial evidence to the effect that the appellants physically restrained several students from entering the school and participated in an attempt to completely block the free ingress into the college of persons not participating in the strike or demonstration. The "right" of the respondent that was prejudiced was its ability to operate the school in accordance with the terms of the court order. The action of the court was within its statutory power, did not constitute an abuse of discretion, and was therefore proper.

■ The temporary restraining order was granted on Thursday, May 22, 1969. At that time, the trial court ordered the parties to appear on May 28, 1969, the following Wednesday, to show cause why a preliminary injunction should not be granted. Appellants contend this procedure violated that part of CR 65(b) which provides where a temporary restraining order is granted without notice, "the

motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character." Appellants' remedy was to avail themselves of the provisions of CR 65(b) which allow the party restrained under a temporary restraining order to appear, on 2 days' notice or less, to the adverse party and move for the dissolution or modification of the order. They failed to so act and, in addition, have failed to show they were prejudiced by the delay.

■ It is urged by appellants that the temporary restraining order violates the first amendment to the United States Constitution by prohibiting the strike of Seattle Community College and punishing any attempt to promote it. Peaceful picketing, as a method of persuasion, is an exercise of free speech. However, when peaceful picketing ceases to be persuasive and becomes coercive, it loses the protections of the First Amendment. *Swenson v. Seattle Cent. Labor Council,* 27 Wn.2d 193, 206, 177 P.2d 873, 170 A.L.R. 1082 (1947). The temporary restraining order herein was not intended to prohibit peaceful picketing. Its prohibitive terms were clearly and expressly limited to conduct calculated to disrupt the work and discipline of the school. Prohibition of this type of conduct through the injunctive process does not violate the appellants' First Amendment rights. *Tinker v. Des Moines Independent Community School Dist.,* 393 U.S. 503, 21 L. Ed. 2d 731, 89 S. Ct. 733 (1969); *Audubon Homes, Inc. v. Spokane Bldg. & Constr. Trades Council,* 49 Wn.2d 145, 298 P.2d 1112 (1956).

Demonstrations are subject to greater state regulation than pure speech. The court in *Cox v. Louisiana,* 379 U.S. 536, 555, 13 L. Ed. 2d 471, 85 S. Ct. 453 (1965) said:

> We emphatically reject the notion urged by appellant that the First and Fourteenth Amendments afford the same kind of freedom to those who would communicate ideas by conduct such as patrolling, marching, and picketing on streets and highways, as these amendments afford to those who communicate ideas by pure speech.

Demonstrations lose their constitutional protection if the participants engage in violence. *Pritchard v. Downie,* 326 F.2d 323 (8th Cir. 1964). The Supreme Court has also upheld an injunction against labor picketing when a background of prior violence by the picketers "tainted" their present activities. *Milk Wagon Drivers, Local 753 v. Meadowmoor Dairies, Inc.,* 312 U.S. 287, 85 L. Ed. 836, 61 S. Ct. 552 (1941). Regulatory problems are frequently presented by demonstrations which are impossible to be dealt with adequately by statute without a great sacrifice in flexibility and, in this area, a limited degree of judicial discretion is often essential. *Williams v. Wallace,* 240 F. Supp. 100 (M.D. Ala. 1965). We find no abuse of discretion by the court in its actions in this case and affirm the judgment.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied November 9, 1971.

Review denied by Supreme Court December 28, 1971.